WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ahmad Naeem Wakili,<br><br>           Plaintiff,<br><br>v.<br><br>Dur Saleh, et al.,<br><br>           Defendants. | No. CV-23-00453-TUC-RM<br><br>**ORDER** |

Plaintiff Ahmad Naeem Wakili, proceeding pro se, initiated this action on October 3, 2023, by filing a Complaint (Doc. 1) and an Application for Leave to Proceed in Forma Pauperis (Doc. 2). Plaintiff then filed a "Request for Hearing." (Doc. 6.) This Court has reviewed Plaintiff's Application to Proceed in Forma Pauperis and finds good cause for granting it. The Court will dismiss the Complaint with leave to amend and deny without prejudice Plaintiff's request for a hearing.

**I.     Application to Proceed in Forma Pauperis**

The Court may authorize the commencement and prosecution of a civil action "without prepayment of fees or security therefor" if the plaintiff submits an affidavit including a statement of all assets. 28 U.S.C. § 1915(a)(1). In proceedings in forma pauperis, officers of the court "shall issue and serve all process." 28 U.S.C. § 1915(d); *see also* Fed. R. Civ. P. 4(c)(3).

Plaintiff's Application for Leave to Proceed In Forma Pauperis indicates he has no

cash, money in bank accounts, or other assets. (Doc. 2 at 2-3.)[1] Plaintiff's Application includes an affidavit in which he declares that he cannot pay the costs of these proceedings. (*Id.* at 1.) Plaintiff's Application for Leave to Proceed In Forma Pauperis will be granted.

## II.   Statutory Screening of Complaints

The Prison Litigation Reform Act states that a district court "shall dismiss" an in forma pauperis complaint if, at any time, the court determines that the action "is frivolous or malicious" or that it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). "[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners." *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a

---

[1] The Application indicates Plaintiff made an average of $35,000 per month in employment and self-employment income over the past 12 months, but it also indicates that Defendant Tucson Used Auto Sales was Plaintiff's only employer in the past two years, and that Defendant Dur Saleh never paid Plaintiff for that employment. (Doc. 2.) Based on the totality of the information provided in the Application, it appears that the portion of the Application indicating average monthly income of $35,000 is erroneous.

constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

As the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A complaint filed by a pro se litigant "must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (internal quotation omitted). Nevertheless, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez*, 203 F.3d at 1127-29.

**III.   The Complaint Fails to State a Claim for Relief**

Plaintiff names as Defendants Dur Saleh and three businesses allegedly owned by Saleh: Tucson Used Auto Sales, Saleh Property Investment, and Tucson Auto Center. (Doc. 1 at 2.) Plaintiff has submitted a form complaint for employment discrimination and indicates that he is alleging discrimination on the basis of race, color, gender, religion, and national origin in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq*. (*Id.* at 3-4.)[2] Plaintiff checked the box indicating that Defendants' discriminatory conduct involved retaliation and unequal terms and conditions of employment. (*Id.* at 4.) Plaintiff also wrote that Defendants "promised to pay but never paid." (*Id.*)

However, Plaintiff did not provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The sections of the form designated for Plaintiff to provide the facts of the case and the relief requested are both blank. (Doc. 1 at 4-5.) The Court also notes that Plaintiff checked the box on the

---

[2] Plaintiff also wrote on the complaint form that the other relevant federal law is "fraud checks," the relevant state law is "slavery act," and the relevant city or county law is "fraud." (Doc. 1 at 3.)

- 3 -

complaint form indicating that the Equal Employment Opportunity Commission ("EEOC") has not issued a Notice of Right to Sue letter. (*Id.* at 5.) Plaintiff is warned that, generally, a person must first obtain a Notice of Right to Sue letter from the EEOC before bringing suit in federal district court under Title VII. (*Id.* at 3); *Scott v. Gino Morena Enterprises, LLC*, 888 F.3d 1101, 1106 (9th Cir. 2018) (a Title VII claimant "must exhaust administrative remedies by filing a charge with the EEOC or an equivalent state agency…and receiving a right-to-sue letter.")

Accordingly, the Court will dismiss the Complaint without prejudice for failure to state a claim on which relief can be granted. Within 30 days, Plaintiff may file a first amended complaint to cure the deficiencies outlined above. Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint." The first amended complaint must be retyped or rewritten in its entirety and may not incorporate any part of the original Complaint by reference.

A first amended complaint will supersede the original Complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat the First Amended Complaint as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action that was raised in the original Complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a first amended complaint. *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

If Plaintiff files an amended complaint, Plaintiff must write short, plain statements telling the Court: (1) the right Plaintiff believes was violated; (2) the name of the defendant who violated the right; (3) exactly what that defendant did or failed to do; (4) how the action or inaction of that defendant is connected to the violation of Plaintiff's right; and (5) what specific injury Plaintiff suffered because of that defendant's conduct. Plaintiff must repeat this process for each named defendant. If Plaintiff fails to affirmatively link the conduct of each named defendant with the specific injury suffered by Plaintiff, the allegations against that defendant will be dismissed for failure to state a

claim. Conclusory allegations that a defendant or group of defendants has violated a statutory or constitutional right are not acceptable and will be dismissed.

### IV. Request for Hearing

Plaintiff has also filed a Motion requesting a hearing to provide additional information about his case. (Doc. 6.) Because the Court is dismissing Plaintiff's Complaint with leave to amend, the Court will deny without prejudice Plaintiff's request for a hearing.

### V. Warnings

#### A. Address Changes

If Plaintiff's address changes, Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

#### B. Possible Dismissal

If Plaintiff fails to timely file an amended complaint in compliance with this Order, this action will be dismissed with prejudice. *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED** that Plaintiff's Application to Proceed In Forma Pauperis (Doc. 2) is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint (Doc. 1) is **dismissed** without prejudice for failure to state a claim. Within **thirty (30) days**, Plaintiff may file a first amended complaint that cures the deficiencies addressed in this Order. If Plaintiff fails to file an amended complaint within **thirty (30) days**, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice.

. . . .

. . . .

. . . .

. . . .

**IT IS FURTHER ORDERED** that Plaintiff's Request for Hearing (Doc. 6) is **denied without prejudice**.

Dated this 13th day of May, 2024.

_____
Honorable Rosemary Márquez
United States District Judge